UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:17-CR-037 JD |
| | ) | 3:17-CV-943 JD |
| LORENZO RODGERS JR. | ) | |

**OPINION AND ORDER**

Lorenzo Rodgers pled guilty to possessing a firearm as a felon and received a sentence of 92 months of imprisonment. He now moves to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. The Court appointed counsel to assist Mr. Rodgers in procuring evidence to support his claim, and the motion has been fully briefed. For the following reasons, the Court denies Mr. Rodgers' motion.

**I. FACTUAL BACKGROUND**

In April 2017, police officers in South Bend responded to a call about a domestic disturbance. Upon arriving at the home, they found a distraught Shakyra Brown, who had called 911, and Lorenzo Rodgers, who was shouting profanities at her. The officers could smell marijuana and saw what appeared to be marijuana on the floor and a table. Ms. Brown told the officers that she and Mr. Rodgers had been in an argument and that Mr. Rodgers had pointed a firearm at her. She led the officers into a bedroom, where a handgun was sticking out from under a mattress. Officers then applied for and received a warrant to search the home. They found two loaded handguns, one of which Mr. Rodgers later admitted to possessing, plus an assortment of accessories and ammunition. They also found drugs and drug paraphernalia, including marijuana and a substance suspected to be heroin; baggies and two digital scales; and a large amount of cash wrapped in rubber bands and hidden in the ceiling of the bathroom. In an interview with the

ATF later that day, Ms. Brown reiterated that Mr. Rodgers had pointed a firearm at her during an argument.

Mr. Rodgers was charged with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and received appointed counsel. He later pled guilty pursuant to a plea agreement. In that agreement, Mr. Rodgers agreed to plead guilty and to waive his right to challenge his conviction or sentence on any ground other than a claim of ineffective assistance of counsel. The government also agreed to recommend a three-level reduction for acceptance of responsibility under the Sentencing Guidelines, but that agreement was contingent on Mr. Rodgers' continued manifestation of acceptance of responsibility. At a change of plea hearing, Mr. Rodgers' testified under oath that he understood the charges against him and the penalties; that he was satisfied with his counsel's performance; and that he was pleading voluntarily, as no threats or promises had been made to induce his plea. The Court accepted Mr. Rodgers' guilty plea.

Prior to the sentencing hearing, a probation officer prepared a Presentence Report setting forth the calculation of the Sentencing Guidelines. Mr. Rodgers had a base offense level of 20 and also received a 2-level enhancement because the firearm had been reported stolen. The Presentence Report also applied a 4-level enhancement for possessing a firearm in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6)(B). It identified two separate offenses that supported that enhancement: pointing a firearm at Ms. Brown, and distributing controlled substances. Because Mr. Rodgers denied committing those offenses, the Presentence Report also omitted any reduction for acceptance of responsibility. Prior to sentencing, Mr. Rodgers' counsel objected to the Presentence Report, contending that Mr. Rodgers did not possess the firearm in connection with another felony offense and that he was entitled to a reduction for acceptance of responsibility.

At the sentencing hearing, the Court accepted evidence and argument from both sides on those objections. The government presented the testimony of an officer to corroborate its contention that Mr. Rodgers had been dealing drugs. Mr. Rodgers' counsel cross-examined that officer, whose testimony the Court ultimately declined to rely on. Mr. Rodgers' counsel also submitted exhibits on his behalf, namely letters written to Mr. Rodgers in prison by Ms. Brown in which she expressed her love for him and her frustration about their separation. Counsel argued that the letters showed support for Mr. Rodgers, which he argued was inconsistent with Mr. Rodgers having pointed a firearm at her, as she told officers at the time of his arrest.

After considering the parties' evidence and arguments, the Court overruled Mr. Rodgers' objections. The Court found that Mr. Rodgers had committed the offense of pointing a firearm, as it found Ms. Brown's multiple statements to officers in the immediate aftermath of the event to be more reliable than Mr. Rodgers' denial or Ms. Brown's later letters of support. The Court also found that Mr. Rodgers possessed the firearm in connection with drug dealing, based on the drugs, paraphernalia, and cash found in his home. Those findings independently justified the four-level enhancement for possessing a firearm in connection with another felony. In addition, because Mr. Rodgers falsely denied that relevant conduct, the Court found that he was not entitled to a reduction for acceptance of responsibility. Mr. Rodgers' guideline sentencing range thus became 92 to 115 months of imprisonment. After hearing from the parties and considering all of the factors under § 3553(a), the Court sentenced Mr. Rodgers to 92 months of imprisonment.

Mr. Rodgers did not file a notice of appeal. Instead, he filed a motion under § 2255, asking to vacate his conviction and sentence because he received ineffective assistance of counsel. The government filed a response to that motion. In his reply brief, Mr. Rodgers asserted

for the first time that his trial counsel was ineffective at sentencing for failing to call Ms. Brown as a witness. He also filed a motion seeking discovery in support of that claim. The Court found that the discovery Mr. Rodgers sought was not appropriate. The Court advised Mr. Rodgers, though, if he believed Ms. Brown would have offered useful testimony at his sentencing hearing, he should submit an affidavit from Ms. Brown explaining the facts that she would have testified to if called as a witness at that hearing. The Court also noted that if he could not do so, Mr. Rodgers should submit his own affidavit specifically identifying the facts to which he believes Ms. Brown would have testified. The Court finally noted that it would appoint counsel to assist Mr. Rodgers in gathering that evidence if he requested. Mr. Rodgers then made that request, which the Court granted. After receiving multiple extensions of time, Mr. Rodgers, who is now represented, did not file any affidavits or other evidence, but both parties have filed supplemental memoranda, so the motion is ripe.

## II. STANDARD OF REVIEW

Section 2255(a) of Title 28 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). Upon the filing of a motion, the Court may permit discovery and may direct the parties to expand the record, and the Court must hold a hearing

unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); Rules Governing Section 2255 Proceedings for the United States District Courts R. 6, 7, 8.

### III.  DISCUSSION

Mr. Rodgers claims that his trial counsel provided ineffective assistance in connection with both his guilty plea and the sentencing hearing. A criminal defendant is entitled to the assistance of counsel for his defense. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A defendant who was denied the effective assistance of counsel can receive relief under § 2255. To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) that he was prejudiced by the deficiencies in his counsel's performance, meaning that there is a reasonable probability that the results of the proceeding would have been different with effective representation. *Strickland v. Washington*, 466 U.S. 687 (1984); *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005). The Court addresses Mr. Rodgers' claims in turn, but begins by addressing the government's threshold argument that the motion is barred by a waiver.

**A.     Waiver**

At the outset, the government argues that the motion is barred by a waiver in Mr. Rodgers' plea agreement. The government fails to acknowledge, though, that the plea agreement contained an express carve-out for claims of ineffective assistance of counsel. In the plea agreement, Mr. Rodgers waived his right to challenge his conviction or sentence "on any ground other than a claim of ineffective assistance of counsel." [DE 18 ¶ 9(e)]. All of the claims in Mr. Rodgers' motion are asserted through the prism of ineffective assistance of counsel. Because those claims do not fall within the scope of the waiver, they are not barred.

**B.	Ineffective Assistance in Connection with Guilty Plea**

In his initial motion, Mr. Rodgers offered several arguments for why he received ineffective assistance of counsel in connection with his guilty plea. To begin with, though, Mr. Rodgers withdrew those arguments in his reply brief. The government had argued in its response brief that Mr. Rodgers' sworn testimony at the change of plea hearing established that his guilty plea was knowing and voluntary. Mr. Rodgers conceded that point in his reply brief and withdrew these arguments, clarifying that his claim is only that he received ineffective assistance of counsel at sentencing. [DE 66 p. 2, 4].

Mr. Rodgers' supplemental brief overlooks that withdrawal and argues these claims on their merits. To the extent Mr. Rodgers now wishes to proceed on these claims, they would fail on their merits anyway. Mr. Rodgers first argued that he received ineffective assistance because his trial counsel encouraged him to cooperate with the government and to provide information on criminal activity by others, which Mr. Rodgers refused to do. As the government notes, though, this was not deficient performance, it was exemplary performance. A court can take a defendant's cooperation into account in reaching a sentence, *see* U.S.S.G. § 5K1.1, and it is not unusual for a court to reduce a sentence by months or even years when a defendant provides substantial assistance. If Mr. Rodgers had decided to cooperate, he might have received a shorter term of imprisonment, and counsel provided sound advice in advising him of that fact. Moreover, Mr. Rodgers has not suggested that he suffered any prejudice, as he declined to take counsel's advice and did not cooperate with the government in that manner.

Mr. Rodgers similarly argued that an ATF agent told him he could be sent away for 15 years if he did not cooperate. He claims that the "ensuing pressure" caused him to enter a plea agreement. He alleges that his attorney was ineffective in allowing the agent to make that representation, and that his attorney advised him to state at the change of plea hearing that he had

6

not been promised, threatened, or intimidated by anyone to plead guilty. First, though, the government is permitted to threaten additional charges or penalties to entice a defendant to plead guilty, *United States v. Tingle*, 880 F.3d 850, 856 (7th Cir. 2018), just as it is permitted to promise a benefit in return for a defendant's cooperation. A plea is not involuntary because the government applies "pressure" in that manner—a choice can be voluntary even if it is a choice between two bad options. *Hays v. United States*, 397 F.3d 564, 570 (7th Cir. 2005) ("A plea agreement is constitutionally valid if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.").

In addition, as Mr. Rodgers acknowledges, the voluntariness of his plea was explored at length during the change of plea hearing. Mr. Rodgers testified under oath at that hearing that he had had enough time to discuss the case with his attorney and was satisfied with his attorney's representation; that he was pleading guilty of his own free will and understood the consequences of his plea; that no threats or force were used against him to get him to plead guilty; and that no promises were made to him to get him to plead guilty. [DE 46 p. 7, 20–21]. Mr. Rodgers nonetheless suggests in his supplemental brief that the Court should hold a hearing to determine if his plea was really voluntary. But the Court already held a hearing on that subject—that was the point of the change of plea hearing—and Mr. Rodgers is not entitled to another hearing just to establish that he perjured himself at the first hearing. *Thompson v. United States*, 732 F.3d 826, 829 (7th Cir. 2013); *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). Mr. Rodgers acknowledged that in his reply brief, which is why he withdrew that claim.

Finally, Mr. Rodgers argued that his attorney was ineffective for failing to file a motion to suppress evidence discovered in a search of his home. When a defendant's claim of ineffectiveness is based on counsel's failure to file a motion to suppress, a defendant must "prove

7

the motion was meritorious." *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005); *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017). Mr. Rodgers has not done so. In fact, his own filings never even identified a basis upon which he could argue that the search was unlawful. In the supplemental brief, Mr. Rodgers' counsel suggests that Ms. Brown might testify that she had not called the police and did not lead them to the firearm on the night of Mr. Rodgers' arrest, but that is pure speculation without any support in the record. Not even Mr. Rodgers has suggested that Ms. Brown would deny having done those things; his argument is rather that she "regret[s]" having done so and would have provided exculpatory information at sentencing notwithstanding her previous statements to the police. Without any basis for arguing that the search was unlawful, Mr. Rodgers has not shown that counsel was ineffective for failing to move to suppress or that he suffered any prejudice as a result. Each of his claims relative to his guilty plea and conviction thus fail.

**C.      Ineffective Assistance at Sentencing**

Mr. Rodgers next argues that his attorney rendered ineffective assistance at sentencing. Mr. Rodgers had objected at sentencing to a four-level enhancement for possessing the firearm in connection with another felony offense. The Court overruled the objection and found that the enhancement applied for two independent reasons: Mr. Rodgers pointed the firearm at his girlfriend, and he possessed the firearm in connection with his drug dealing. Because Mr. Rodgers falsely denied that relevant conduct, the Court also found that he was not eligible for a reduction for acceptance of responsibility. In his present motion, Mr. Rodgers claims that his trial counsel was ineffective for failing to address those issues at sentencing.[1] He argues that his

---

[1] It is worth noting that it does not appear that Ms. Brown's would-be testimony would have had any effect on the guideline calculation. The Court found that the enhancement applied (and in turn that Mr. Rodgers was not entitled to a reduction for acceptance) for two independent reasons, and the finding that Mr. Rodgers was dealing drugs was supported by ample evidence

8

counsel should have called his girlfriend as a witness, and that he should have objected to the government's "breach" of the plea agreement by not recommending a reduction for acceptance of responsibility.

Beginning with the latter argument, the government did not breach the plea agreement, and trial counsel did object to the lack of a reduction for acceptance of responsibility, just as Mr. Rodgers argues he should have. In the plea agreement, the government agreed to recommend a reduction for acceptance of responsibility only so long as Mr. Rodgers continued to accept responsibility. In particular, the plea agreement states:

> I understand that the government's obligation to recommend acceptance of responsibility pursuant to this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct such as the personal use of controlled substances, I further understand that the government shall not be bound to recommend the reduction based upon acceptance of responsibility.

[DE 18 ¶ 9(g)(1)]. Mr. Rodgers did not hold up his end of that deal, as he falsely denied dealing drugs and pointing a firearm at his girlfriend. The government was thus not bound to recommend a reduction for acceptance of responsibility. In addition, Mr. Rodgers' trial counsel argued that Mr. Rodgers should still receive the reduction because he pled guilty and had admitted his offense conduct. The Court found, though, that because Mr. Rodgers falsely denied his relevant conduct, he had not clearly demonstrated an acceptance of responsibility, so he was not entitled to this reduction. *See* U.S.S.G. § 3E1.1 n.1(A) ("A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent

---

apart from any statements Ms. Brown made. The question is thus only whether her testimony might have affected the Court's analysis under § 3553(a). As discussed below, Mr. Rodgers has failed to show any potential prejudice in that respect because he has not offered sufficient details about what Ms. Brown's testimony would have been.

9

with acceptance of responsibility[.]"). Mr. Rodgers has thus not shown any shortcoming in counsel's performance in that regard.

The only remaining claim is that Mr. Rodgers' trial counsel was ineffective for failing to interview Mr. Rodgers' girlfriend, Shakyra Brown, and to call her as a witness at sentencing.[2] This claim fails, however, because Mr. Rodgers has failed to provide a statement from Ms. Brown, or even to explain what facts she would have testified to if called. The Seventh Circuit has held that "[i]t is firmly established that in order to succeed on a failure to investigate claim, the petitioner must demonstrate what the attorney would have discovered had a proper investigation occurred, as well as what evidence would have been introduced at trial." *Wright v. Gramley*, 125 F.3d 1038, 1044 (7th Cir. 1997). "In the case of an uncalled witness, [the Seventh Circuit has] held that at the very least the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called [to testify]." *Id.*; *see also Bittis v. United States*, 107 F.3d 873 (7th Cir. 1997); *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991).

The Seventh Circuit has suggested that "[a]s a preliminary step" for such claims, "the district court may deem it advisable to appoint counsel to assist the incarcerated [defendant] to contact [the witness] and to obtain the needed evidentiary submission." *Wright*, 125 F.3d at 1044. The Court did exactly that. After Mr. Rodgers filed his reply brief, in which he raised Ms. Brown's would-be testimony, the Court advised him that he needed to "submit an affidavit from Ms. Brown explaining the facts that she would have testified to if called as a witness at that

---

[2] The government represents in its supplemental brief that trial counsel did interview Ms. Brown and that she stood by her prior statements to the police. If true, then counsel properly investigated and wisely chose not to call such an adverse witness at sentencing. But because the government has not submitted any evidence in support of that representation, the Court cannot rely on it at this stage.

10

[sentencing] hearing." [DE 67]. The Court also advised Mr. Rodgers that the Court would appoint counsel to assist him if he requested. When Mr. Rodgers made that request, the Court appointed counsel. [DE 69].

Counsel appeared on Mr. Rodgers behalf on November 5, 2018, and the Court set a deadline for the submission of any additional materials. Counsel sought multiple extensions of that deadline, each of which the Court granted. Finally, over six months after being appointed, counsel filed a supplemental brief in which he represented that he and his office had made multiple attempts to contact Ms. Brown, but that she refused to cooperate. Thus, he did not submit an affidavit from Ms. Brown explaining what her testimony would have been. Nor did he submit an affidavit from Mr. Rodgers setting forth in detail what he believes Ms. Brown's testimony would have been, which the Court previously instructed he should do in that event. [DE 67 p. 2]. *See also Lafuente v. United States*, 617 F.3d 944, 946–47 (7th Cir. 2010) (holding that a court may direct the parties to expand the record with evidentiary submissions in order to determine whether a hearing is needed).

Without those materials, all that Mr. Rodgers has provided are vague and conclusory allegations as to what Ms. Brown's testimony might have been. Mr. Rodgers states that Ms. Brown "regretted" having provided information to officers and was "willing to provide exculpatory information," but he does not say what that exculpatory information would have been. He similarly says that Ms. Brown "recants what she [has] done," but he does not say in what respect or what her testimony would have been had she testified at the sentencing hearing. [DE 66]. Those statements also came only in Mr. Rodgers' reply brief, which was not submitted under oath, so there is no evidentiary support at all for any of these allegations. Having failed to provide any detail about what Ms. Brown's testimony would have been had she been called to

11

testify, Mr. Rodgers failed to provide the support required for this claim. *Yang v. Pollard*, 202 F. App'x 134, 137 (7th Cir. 2006) ("In federal court, [a petitioner] cannot simply state that a putative witness's testimony would have been favorable because speculation alone cannot support an ineffective-assistance claim."); *Wooten v. Hartwig*, 108 F.3d 1380 (table), 1997 WL 119585, at *2 (7th Cir. 1997) (affirming the dismissal of a habeas petition because the petitioner "failed to submit affidavits with his habeas petition setting out the potential testimony of these uncalled witnesses"); *Ashimi*, 932 F.2d at 650; *Wright*, 125 F.3d at 1044.

Counsel requests in the supplemental brief that the Court nonetheless hold a hearing to find out what Ms. Brown's testimony might have been, but that is not warranted. An evidentiary hearing is not required "if the petitioner makes allegations that are 'vague, conclusory, or palpably incredible,' rather than 'detailed and specific.'" *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (quoting *Kafo*, 467 F.3d at 1067). A hearing is an opportunity to resolve disputes, not to go on a fishing expedition. Mr. Rodgers had access upon request to the full spectrum of discovery devices under the Federal Rules of Civil and Criminal Procedure. *See* Rules Governing Section 2255 Proceedings R. 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure[.]"). That includes the ability to subpoena a reluctant witness. Fed. R. Civ. P. 45. Mr. Rodgers had the assistance of counsel and an extensive amount of time in which to develop the evidence necessary to show that a hearing is warranted in this case, after being told by the Court what information he needed to provide. *See Lafuente*, 617 F.3d at 946; *Wright*, 125 F.3d at 1044. But he has not done so. Instead, he has offered only vague and conclusory allegations about what Ms. Brown might have testified to, which does not justify a hearing.

Without having shown that Ms. Brown would have offered testimony that could have impacted the outcome of the sentencing hearing, Mr. Rodgers failed to show that his attorney rendered ineffective assistance or that he suffered prejudice as a result. He is therefore not entitled to relief under § 2255, so the Court denies his motion.

**D.     Certificate of Appealability**

The Court also declines to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008). For the reasons the Court already discussed in denying the motion, the Court does not believe that the resolution of this motion is debatable or that the issues deserve encouragement to proceed further.

The Court advises Mr. Rodgers, though, that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. If Mr. Rodgers wishes to appeal this judgment, a notice of appeal must be filed within 60 days after the judgment is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

## IV.  CONCLUSION

The Court DENIES Mr. Rodgers' motion under § 2255 [DE 41] and DENIES the issuance of a certificate of appealability. The Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED: July 26, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court